UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

OVERTON WAYNE PAULEY,

    Movant

v.                                      CIVIL ACTION NO. 2:04-0081
                                        (Criminal No. 2:99-0048-06)

UNITED STATES OF AMERICA,

    Respondent

### MEMORANDUM OPINION AND ORDER

Pending before the court is movant Overton Wayne Pauley's motion pursuant to 28 U.S.C. § 2255, filed January 29, 2004. Also pending is movant's motion for leave to file a supplemental brief involving Blakely, filed September 9, 2004, which motion is denied for the reasons set forth below. United States Magistrate Judge Mary E. Stanley filed her Proposed Findings and Recommendation on August 26, 2005, and movant filed objections thereto on October 18, 2005, after having been granted an extension of time to October 13, 2005, for which to do so.[1]

---

[1] The certificate of service signed by movant indicates that the objections were placed in the federal prison's legal mailbox with sufficient first-class postage on October 12, 2005. Pursuant to Houston v. Lack, 487 U.S. 266 (1988), the objections are deemed timely filed.

Movant is serving a forty-year sentence of imprisonment stemming from his having pled guilty to aiding and abetting possession with intent to distribute methamphetamine and marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Prior to his sentencing for that offense, but subsequent to his having entered the plea agreement, movant was convicted of two counts of felony murder in state court and, at his federal sentencing, the court found that the murders committed by movant were part of the same course of conduct as the offense of conviction, or part of a common scheme or plan. Based on this finding, movant's base offense level was determined to be 43 pursuant to the cross-reference of U.S.S.G. § 2D1.1(d)(1) directing the application of U.S.S.G. § 2A1.1(a). Though the guideline sentence was life imprisonment, the court imposed a forty-year term, the maximum sentence permitted under 18 U.S.C. § 841(b)(1)(B), as stated in the plea agreement. Defendant took direct appeal, and the United States Court of Appeals for the Fourth Circuit ultimately affirmed both his conviction and the sentence that was based on the murder cross-reference. <u>United States v. Pauley</u>, 289 F.3d 254 (4th Cir. 2002) and 304 F.3d 335 (4th Cir. 2002).

I.

Movant objects, first, to the magistrate judge's recommendation that the court dismiss his motion for leave to file a supplemental brief. The objections in that regard hinge upon the applicability to this proceeding not only of Blakely v. Washington, 542 U.S. 296 (2004), but also United States v. Booker, 125 S.Ct. 738 (2005). Our court of appeals, however, has now foreclosed a Blakely/Booker argument here. Neither of these decisions is available for post-conviction relief sought by federal prisoners whose convictions became final before the decisions in those two cases. United States v. Morris, 429 F.3d 65, 72 (4th Cir. 2005).

II.

The remaining objections are that: (1) movant was misadvised by his counsel and that his plea was involuntary on that basis (Obj. at 6); and (2) the murder cross-reference was inappropriately applied because at the time movant entered into his plea agreement, he had not yet been convicted of the two counts in state court of felony murder (Obj. at 7). Movant asserts that had he been advised that the cross-reference might

3

be applied, he would not have entered into the agreement.  (Obj. at 9.)

The first objection appears to relate to the magistrate judge's finding that movant "has failed to demonstrate that his counsel was constitutionally ineffective for failing to advise [movant] that the jury would have been required to specify the type of drug(s) involved in the conspiracy" (PFR at 16) in response to movant's argument that his statutory maximum sentence may have been lower if found guilty by a special verdict.  Movant asserts that "[i]t matters not what [he] presented before the [c]ourt, it matters what advice he was provided at the time that preparations were being made to proceed to trial."  (Obj. at 6.)  But as the United States pointed out in its response to the section 2255 motion, the court specifically advised movant at his plea hearing as to what the jury would have to find for a guilty verdict.  (PFR at 13-14.)  Having been so informed, movant continued with his Rule 11 plea hearing, admitting the theft and possession of both marijuana and methamphetamine.

With respect to movant's objection that he was not advised of the upward departure possible upon application of the cross-reference, the magistrate judge noted that movant was advised at his plea hearing "that he could face a 40-year term of

4

imprisonment and that the government intended to seek an enhancement of his sentence." (PFR at 18.) It appears, then, that movant was well aware of the potential consequences of entering into the plea agreement.

For the reasons set forth above and in the magistrate judge's proposed findings and recommendation, the court concludes that movant has not shown that his counsel failed to appropriately advise him and, more importantly, he has demonstrated no prejudice resulting from his counsel's alleged failure.

Having reviewed the objections and noting that the magistrate judge has fully and adequately addressed movant's arguments, the court finds movant's objections to be without merit.

III.

The proposed findings and recommendation of the magistrate judge, filed August 26, 2005, are hereby adopted and incorporated in their entirety herein. It is, accordingly, ORDERED that the movant's motion pursuant to 28 U.S.C. § 2255 be, and it hereby is, denied. The court further ORDERS that this action be, and it hereby is, dismissed and stricken from the docket.

The Clerk is directed to forward copies of this order to the movant, all counsel of record, and the magistrate judge.

                      DATED: June 27, 2006

                      John T. Copenhaver, Jr.
                      United States District Judge